UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA M. L.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. 5:20-cv-01621-CJC (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file and the Report and Recommendation ("Report") of United States Magistrate Judge. The Court has considered both Plaintiff's original objections and her supplemental objections, as well as the Commissioner's reply to those objections, and has engaged in a *de novo* review of those portions of the Report to which objections have been made. With the exception of the following, Plaintiff's objections do not warrant discussion as they are properly addressed in the Report.

　　　　Plaintiff objects that the Report fails to "include" important medical records. (*See* ECF 33 at 2-3.) Judicial review of the Commissioner's decision, however, does not require the Court to summarize or independently reevaluate the entire medical record. *See generally Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098

(9th Cir. 2014) (federal court reviews the Commissioner's decision to determine whether findings are supported by substantial evidence and whether the proper legal standards were applied).

Plaintiff also objects to the Report's statement that she failed to point to evidence that Dr. Sloan opined that her mental impairments imposed more than mild functional limitations. Specifically, she argues that the Report failed to address page 836 of the Administrative Record. (ECF 35 at 5-8.) Contrary to Plaintiff's assertion, the Report addressed pages 833 to 842 of the Administrative Record in reaching its conclusion that the ALJ did not err in finding Plaintiff's mental impairments non-severe. (*See* ECF 31 at 19-20, citing and discussing AR 833-842.) Further, the document that Plaintiff characterizes as Dr. Sloan's opinion is ambiguous, at best. Entitled "Coordination of Care Treatment Plan," the document's stated purpose is to identify "members who need to be transitioned to a County Medical Health System of a higher level of care." (*See* AR 835-836.) It is not clear that the document reflects Dr. Sloan's opinion regarding Plaintiff's functional limitations as opposed to an internal form intended to assist in directing Plaintiff to the proper health care agency. In any event, other than addressing broad categories of life functioning, the document fails to set out any specific limitation imposed by Plaintiff's mental impairments.

Plaintiff further points out that she testified she had received treatment from Dr. Sloan for two or three years and that the record contains several references to Dr. Sloan. Thus, according to Plaintiff, the ALJ should have been aware that the record was incomplete and was obligated to request Plaintiff's medical records. (ECF 33 at 7-9; *see* AR 20-21.) As explained in the Report, however, Plaintiff's counsel affirmatively informed the ALJ that the evidence submitted was complete (AR 11), and there was no reason for the ALJ to believe that further development of the record was necessary. (*See* ECF 31 at 22-24.)

Plaintiff attached medical records to her objections. The Court has discretion to consider new evidence submitted with objections to a Report and

Recommendation. *See* 28 U.S.C. § 636(b)(1); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Considering Plaintiff's extreme delay in presenting the medical records – she waited until after all briefing was complete and after the Magistrate Judge issued his Report – the Court declines to exercise its discretion to consider this new evidence.

Moreover, even if the additional records were considered, they would not warrant a remand. Because these records were not presented to the ALJ or to the Appeals Council, the Court may not consider them except to analyze whether to remand the case under sentence six of 42 U.S.C. section 405(g). A remand under sentence six is warranted only if Plaintiff demonstrates she has good cause for failing to present the evidence to the agency and that the evidence is material. *See Wood v. Burwell*, 837 F.3d 969, 977 (9th Cir. 2016). "To demonstrate good cause, [Plaintiff] must demonstrate that the new evidence was unavailable earlier." *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001). To be material, the new evidence must bear "directly and substantially on the matter in dispute." *Mayes*, 276 F.3d at 462; *see also Sanchez v. Sec'y of Health & Hum. Servs*, 812 F.2d 509, 511-512 (9th Cir. 1987) (new evidence of mental deterioration would be material to a new disability application, but not probative of condition at time of hearing).

Plaintiff offers no reason for her failure to submit the medical records related to her physical impairments – which span 2014 to 2020. (*See* ECF 33 at 46-110). She has not demonstrated that this new evidence was unavailable earlier and has not shown good cause for her failure to submit it in the administrative proceedings. As for the recently submitted mental health records, Plaintiff alleges that Dr. Sloan said he had submitted his records to the SSA and that she was unaware the records were not before the ALJ or Appeals Council until she received a copy of the Administrative Record in these proceedings. Plaintiff's allegations are at odds with the evidence: The records she recently submitted from Dr. Sloan are dated August 2020, nearly a year after the ALJ's decision (September 2019) and several months after the Appeals'

Council's denial of review (June 2020). (*See* ECF 33 at 15-16, 19-23.) Given those dates, Plaintiff could not have believed these mental health documents were already part of the Administrative Record. And the fact that medical records are dated after the ALJ's decision does not establish good cause. As the Ninth Circuit has stated, "[a] claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." *Mayes*, 276 F.3d at 463; *see also Allen v. Sec'y of Health & Hum. Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984) ("The 'good cause' requirement would be meaningless" if a claimant were allowed to introduce new evidence simply by obtaining a new opinion after a hearing).

Accordingly, the Court overrules Plaintiff's objections and accepts the findings and recommendation of the Magistrate Judge.

IT THEREFORE IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: December 16, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE